**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

VINCENT SMITH,

        Plaintiff,

v.                                          Case No. 6:14-cv-1599-Orl-37GJK

CITY OF LONGWOOD,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Plaintiff's Motion for Remand (Doc. 23), filed November 24, 2014; and

2. Response in Opposition to Plaintiff's Motion to Remand with Incorporated Memorandum of Law (Doc. 24), filed December 3, 2014.

Upon consideration, the Court finds that the motion is due to be granted.

At the time of removal, Plaintiff asserted claims against Defendant under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01. The Court thus had federal-question jurisdiction over the FMLA claims, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over the FCRA claims, *see* 28 U.S.C. § 1367(a).

In response to a motion to dismiss, Plaintiff amended his Complaint and voluntarily withdrew his FMLA claims. (*See* Doc. 21.) Plaintiff now moves to remand this case to state court (Doc. 23), and Defendant opposes (Doc. 24). Both parties agree that, despite the absence of a continuing federal question, the Court has discretion to continue to exercise supplemental jurisdiction over Plaintiff's FCRA claims; they disagree as to

whether the Court should exercise that jurisdiction. (*See* Doc. 23, pp. 2–3; Doc. 24, pp. 2–5.)

District courts have discretion to decline to exercise supplemental jurisdiction over state-law claims after the anchoring federal claims have been withdrawn.[1] *See* 28 U.S.C. § 1367(c)(3). To determine whether doing so is appropriate, courts consider "judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Here, Plaintiff's FCRA claims, although modeled after Title VII, ultimately involve questions of state law that are best determined in a state court; additionally, this case is in its early stages, militating against the need to retain jurisdiction in order to conserve judicial resources and minimize inconvenience to the parties. The *Carnegie-Mellon* factors therefore favor remand. *See id.* at 350 n.7 (observing that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims"). The Court therefore declines to exercise jurisdiction over Plaintiff's FCRA claims, and this case is due to be remanded.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion for Remand (Doc. 23) is **GRANTED**.
2. This case is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida.
3. The Clerk is **DIRECTED** to terminate all pending deadlines and close the

---

[1] The Court notes that this is only a discretionary matter here because this case was removed; had Plaintiff originally filed suit in this Court, his voluntary withdrawal of his federal claims would have divested the Court of jurisdiction. *See Pintado v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007).

file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 14, 2014.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record